# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WILLIAM FENWICK and TIMOTHY FISHER, On : 
Behalf of Themselves and Others Similarly Situated, :
                                 :    CIVIL ACTION NO.
                *Plaintiffs,*          :
                                   :    3:06CV00880 (WWE)
                v.                    :
                                   :
MERRILL LYNCH & CO., INC., MERRILL LYNCH, :
PIERCE, FENNER & SMITH INCORPORATED, :
ADVEST GROUP, INC., ADVEST, INC., THE :
ADVEST, INC. ACCOUNT EXECUTIVE :
NONQUALIFIED DEFINED BENEFIT PLAN, :
ADVEST, INC. ACCOUNT EXECUTIVE :
NONQUALIFIED DEFINED BENEFIT PLAN :
COMMITTEE, LOU DIMARIA, FRANK :
PAPARELLA, AND KEN POLITI, :

                *Defendants.*

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ........................................................................................................ 2

I.  DEFENDANTS HAVE FAILED TO REFUTE THE FACT THAT THE
    REQUIREMENTS OF RULE 23(a) HAVE BEEN MET.................................... 2

    A.  Defendants Do Not Dispute That The Numerosity and Commonality
        Requirements of Rule 23(a)(1) and (2) Have Been Satisfied ................................. 2

    B.  Defendants' Are Unable to Refute the Fact that Plaintiffs Have Met The
        Typicality And Adequacy Requirements of Rule 23(a)(3) and (4) ........................ 2

II. DEFENDANTS HAVE ALSO FAILED TO REFUTE THE FACT THAT PLAINTIFFS
    HAVE SATISFIED THE RULE 23(b) REQUIREMENTS............................... 5

    A.  Class Certification is Appropriate Under Rule 23(b)(3)......................... 5

    B.  Class Certification Pursuant to Rule 23(b)(1) Is Appropriate ................ 6

        1.  Plaintiffs Have Established That Class Certification is Appropriate Under
            Rule 23(b)(1)(A) ........................................................................... 6

        2.  Rule 23(b)(1)(B) Actions Are Not Restricted to "Limited Fund" Cases.... 8

    C.  Class Certification is Appropriate Under Rule 23(b)(2)......................... 9

    CONCLUSION............................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998).................................... 6

*Banyai v. Mazur*, 205 F.R.D. 160 (S.D.N.Y. 2002)...................................................... 9

*Contawe v. CresentCrescent Heights of America, Inc.*, 2004 WL 2966931 (E.D. Pa. Dec. 21, 2004) ........................................................................................................................ 7

*Davis v. Homecomings Fin.*, 2006 WL 2927702 (W.D. Wash. Oct. 10, 2006)............................. 4

*Dupler v. Costco Wholesale Corp.*, 2008 WL 321776 (E.D.N.Y. Jan. 31, 2008) .......................... 4

*Hilton v. Wright*, 235 F.R.D. 40 (N.D.N.Y. 2006) ...................................................... 9

*In re AOL Time Warner ERISA Litig.* 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006). ................. 9

*In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172 (S.D.N.Y. 2006) ........................ 7, 9

*In re Comverse Tech., Inc. Sec. Litig.*, 2008 WL 820015 (E.D.N.Y. March 25, 2008) ................. 4

*In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265 (S.D.N.Y. 2007)........................ 7

*In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297 (E.D.N.Y. 2006) ..................... 7

*Ingles v. City of New York*, 2003 WL 402565 (S.D.N.Y. Feb. 20, 2003)................................ 8

*LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448, 456-57 (N.D.N.Y. 2003) .. 9

*Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 316 (5th Cir. 2007) ............................ 6

*Ortiz v. Fireboard Corp.*, 527 U.S. 815 (1999) ...................................................... 9

*Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13 (2d Cir. 2003) ................................ 6

*Petrolito v. Arrow Fin. Servs., LLC*, 221 F.R.D. 303 (D. Conn. 2004)................................ 7

*Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345 (D. Conn. 2006) ................................ 7

**Statutes and Other Authorities**

Fed. R. Civ. P. 23 .............................................................................. passim

Plaintiffs William Fenwick and Timothy Fisher ("plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for class certification.

## PRELIMINARY STATEMENT

In their opening brief, plaintiffs explained why the issues in this case are best treated on a class-wide basis, and demonstrated how all of the requirements of Fed. R. Civ. P. 23(a) and (b) have been met.   Rather than respond to plaintiffs' factual arguments and legal analysis, defendants premise their opposition to class certification primarily on their argument, which forms the basis of their simultaneously filed motion for summary judgment, that plaintiffs' claims are barred by the statute of limitations.   For the reasons set forth in plaintiffs' accompanying opposition to defendants' motion for summary judgment, defendants' position is unfounded, and plaintiffs' claims are timely brought.   Moreover, as discussed further below, defendants' arguments regarding the statute of limitations do not preclude class certification.

Defendants devote the first 19 pages of their Memorandum in Opposition to Class Certification to a virtual verbatim recapitulation of their Memorandum in Support of Summary Judgment.   Based entirely on these arguments, defendants contend that, because plaintiffs' claims are purportedly barred by the statute of limitations, plaintiffs' have failed to meet the typicality and adequacy requirements of Rule 23(a)(3) and (4) as well as the predominance requirement of Rule 23(b)(3).   Accordingly, in the event that the Court decides the summary judgment motion first and rules in favor of plaintiffs, defendants have effectively conceded that a class may be certified in this action, at least pursuant to Rule 23(b)(3).   Alternatively, if the Court chooses to decide the class certification motion first, defendants' statute of limitations arguments do not preclude certification, as they raise nothing more than a defense that applies equally to most, if not all, of the putative class members.

Other than repeating the arguments made in their motion for summary judgment, defendants disregard applicable case law and misconstrue the nature of the relief sought in order to briefly argue that certification in not appropriate under either Rule 23(b)(1) or (2). Contrary to defendants' erroneous assertions, however, plaintiffs' claims, which are brought under ERISA and seek reformation of the terms of the AE Plan, are well-suited for certification under either Rule 23(b) (1) or (2), as demonstrated by relevant case law from this jurisdiction and elsewhere.

## ARGUMENT

I.   **DEFENDANTS HAVE FAILED TO REFUTE THE FACT THAT THE REQUIREMENTS OF RULE 23(a) HAVE BEEN MET**

A.   **Defendants Do Not Dispute That The Numerosity and Commonality Requirements of Rule 23(a)(1) and (2) Have Been Satisfied**

As set forth in plaintiffs' opening memorandum, the putative class consists of several hundred members, easily satisfying the numerosity requirement. Defendants do not dispute this and, therefore, concede that the proposed class meets the requirements of 23(a)(1). *See Def. Opp.* at 20 (indicating that defendants only challenge the typicality and adequacy requirement of Rule 23(a)).[1] Likewise, defendants cannot, and therefore, do not dispute the fact that this case involves common questions of law and fact as required by Rule 23(a)(2). *Id.* Accordingly, there is no question that the proposed class satisfies the numerosity and commonality requirements.

B.   **Defendants' Are Unable to Refute the Fact that Plaintiffs Have Met The Typicality And Adequacy Requirements of Rule 23(a)(3) and (4)**

As set forth in plaintiffs' opening memorandum, plaintiffs' claims are typical of the claims of the other members of the proposed class, as they all arise out of a denial of benefits caused by the same improper vesting, accrual and forfeiture provisions of the AE Plan, in

---

[1] References to Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification are cited as "Defs. Opp. at ___." References to Plaintiffs' Memorandum of Law in Support of Class Certification are cited as "Pl. Mem. at ___." References to the Declaration of Charles Hellman in Further Support of Plaintiffs' Motion for Class Certification are cited as "Hellman Reply Decl."

violation of ERISA. Defendants do not challenge this assertion. Instead, they argue that plaintiffs are subject to a "unique" statue of limitations defense. *Id.* Plaintiffs strenuously disagree that any of their claims are barred by the statute of limitations, as set forth in the accompanying opposition to defendants' motion for summary judgment. Putting aside the outcome of this issue, however, defendants' argument regarding the statute of limitations applies equally to most if not all of the members of the putative class. Accordingly, defendants' argument that plaintiffs' claims are barred by the statute of limitations is nothing more than a defense that is typical to the bulk of the class and does not alter the conclusion that the requirements of Rule 23(a)(3) have been satisfied.

In this regard, as their memorandum in support of their motion for summary judgment and their memorandum in opposition to class certification make clear, it is defendants' position that the statute of limitations on the claims of any putative class member would be triggered, *at the latest*, when they "had knowledge that they were participants in the AE Plan." Defs. Opp. at 11. For example, defendants argue that Mr. Fisher was on notice of his claims when he received an annual benefit summary in late 1997 or early 1998 that referred to the AE Plan as a "non-qualified plan." Defs. Opp. at 12.[2] By taking the position that the mere receipt of this document was sufficient to put Mr. Fisher on notice of the terms of the AE Plan and, thus, start the statute of limitations to run, then the same will be true for every Plan participant.[3]

---

[2] Mr. Fisher's testimony makes clear that he *did not* understand the significance of the terms used in the summary of benefits or that there was a 10 year vesting schedule. Hellman Reply Decl., Exh. A (Fisher Tr. 44:15-19; 48:23-49:15). Nevertheless, defendants argue that the receipt of the document put him on notice of the terms of the Plan. Defendants also base their statute of limitations defense on the fact that the plaintiffs testified that they never received a Summary Plan Description ("SPD"). However, it is undisputed that defendants' failed to distribute an SPD to any Plan member. *See id.*, ¶ 4. Accordingly, the failure to distribute an SPD is a fact that is common to all putative class members.

[3] Defendants note that Mr. Fenwick testified that he was aware of the vesting and forfeiture provisions of the AE Plan prior to becoming a participant. Defs. Opp. at 4-5. Plaintiffs dispute that this is sufficient to start the statute of limitations to run. Indeed, Mr. Fenwick testified that he did not know the criteria of a top hat plan. Hellman Reply

The Plan ceased to accept new participants after 2002. AE Plan, § 2.1. Accordingly, applying defendants' logic, only those class members who began their participation in the AE Plan between 2000 and 2002 potentially would not be subject to a statute of limitations defense. Documents produced by defendants, however, indicate that most participants joined the AE Plan sometime between 1992 and 2000. *See* Hellman Reply Decl., ¶5 (describing document indicating that as of October 1, 2002 there were 234 participants in the Plan, 204 of whom entered the Plan prior to 2000, 30 of whom entered the Plan in 2000, with no participants joining after 2000). Accordingly, plaintiffs are indeed typical of the vast majority of class members and are not subject to any unique defenses. Rather, they are subject to the same statute of limitations defense that, according to defendants, would be applicable to almost every member of the putative class. *See, e.g., Dupler v. Costco Wholesale Corp.*, 2008 WL 321776, at *7 (E.D.N.Y. Jan. 31, 2008) (holding that unique defense will only negate typicality where it is "so atypical or complex that they threaten to become the focus of litigation" and noting that where a defense may apply to a majority of the proposed class it is not atypical); *In re Comverse Tech., Inc. Sec. Litig.*, 2008 WL 820015, at *3 (E.D.N.Y. March 25, 2008) (holding that a defense is not unique if it will apply to many members of a proposed class); *Davis v. Homecomings Fin.*, 2006 WL 2927702, at *5 (W.D. Wash. Oct. 10, 2006) (where same defense applies to "most if not all of the class members' claims . . . the assertion of that defense does not render plaintiff's claim atypical").

Additionally, apart from their unavailing argument regarding the statue of limitations, defendants do not contend that plaintiffs have any interests that are antagonistic to or in conflict with the interests of other Class members, nor do they challenge the qualifications of plaintiffs'

---

Decl., Exh. B (Fenwick Tr. 29:4-10). In any event, Mr. Fenwick's testimony does not alter defendants' position that the statute of limitations would begin to run no later than the time that a participant received a summary of benefits statement, as they contend is the case for Mr. Fisher.

4

counsel.  As noted above, because any statute of limitations issue would affect all or most

putative class members equally and in the same fashion, defendants have failed to raise any

legitimate argument that plaintiffs are not adequate class representatives.

## II.  DEFENDANTS HAVE ALSO FAILED TO REFUTE THE FACT THAT PLAINTIFFS HAVE SATISFIED THE RULE 23(b) REQUIREMENTS

### A.  Class Certification is Appropriate Under Rule 23(b)(3)

Relying once again entirely on their statute of limitations argument, defendants contend

that plaintiffs have failed to satisfy the predominance requirement of Rule 23(b)(3).  Specifically,

defendants argue that plaintiffs have failed to demonstrate that common issues of law and fact

will predominate over individual issues because "the statute of limitations defense must be

litigated for each putative class member." Defs. Opp. at 27.[4]  As demonstrated above,

defendants' position with respect to the statute of limitations is quite simple – the statute of

limitations began to run for each putative class member when they became participants in the

Plan or, *at the latest,* upon receipt of an annual summary of benefits.  Defendants have made

clear that it does not matter whether a plaintiff who received such a summary understood the

significance of the terms used therein.  Instead, it is the simple receipt of the summary that,

according to defendants, puts them "on notice" of the terms of the Plan.  Such an approach in no

way elevates individual questions over common facts and legal conclusions.  Indeed, based on

defendants' formulation, determining the date the statute of limitations began to run for each

class member will require nothing more than a review of records to determine when participants

joined the Plan or who benefit summaries were prepared for in any particular year.  Accordingly,

for all the reasons stated in plaintiffs opening brief, common issues of law and fact will

---

[4]  For the same reason, defendants also contend that class treatment is not superior.  Defs. Opp. at 28.

predominate over any individual issues, and class treatment is superior to any other method of adjudication in this case.

**B.      Class Certification Pursuant to Rule 23(b)(1) Is Appropriate**

**1.      Plaintiffs Have Established That Class Certification is Appropriate Under Rule 23(b)(1)(A)**

As demonstrated in plaintiffs' opening brief, courts routinely find that certification pursuant to Rule 23(b)(1)(A) is appropriate in a case such as this one involving the statutory interpretation of a retirement plan under ERISA because of the risk of incompatible standards impacting the rights of plan participants.  Ignoring the cases cited by plaintiffs, defendants argue that a class cannot be maintained here under Rule 23(b)(1)(A) because plaintiffs purportedly seek monetary relief only, and inconsistent monetary judgments do not impose "incompatible standards of conduct."  Defs. Opp. at 22.  Defendants' position misconstrues plaintiffs' claims and misstates the law.

As an initial matter, defendants appear to conflate the standards for certification pursuant to Rule 23(b)(1)(A) with Rule 23(b)(2) by imposing a requirement that a plaintiff seeking certification under Rule 23(b)(1)(A) must be seeking "prospective equitable relief."  Defs. Opp. at 22.  Indeed, defendants acknowledge that some of the cases they cite involve a discussion of Rule 23(b)(2) rather than a discussion of certification pursuant to Rule 23(b)(1).  *See Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 20 (2d Cir. 2003) (cited by defendants at page 24 of their brief).[5]  However, neither the language of Rule 23(b)(1)(A) nor the case law supports defendants' position.

---

[5] Defendants also cite *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 316 (5th Cir. 2007), another case primarily involving a discussion of Rule 23(b)(2).  In *Langbecker* the Fifth Circuit did not make a determination as to whether a Rule 23(b)(1)(A) class would be appropriate, but offered guidance to the district court on remand by directing it to its previous decision in *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998).  To the extent that

As numerous courts within this Circuit have recognized, the language of Rule 23(b)(1)(A), addressing the risk of "inconsistent adjudications," speaks directly to ERISA suits, because the defendants have a statutory obligation, as well as a fiduciary responsibility, to 'treat the members of the class alike'. *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179-80 (S.D.N.Y. 2006). *See also Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345, 353 (D. Conn. 2006) (certifying Rule 23(b)(1)(A) class in an ERISA case because Rule 23(b)(1)(A) is well-suited for "classes where there is a statutory obligation to treat all class members alike"); *Petrolito v. Arrow Fin. Servs., LLC*, 221 F.R.D. 303, 313 (D. Conn. 2004) (same).[6]

Additionally, contrary to defendants' suggestion and as set forth below in plaintiffs' discussion of Rule 23(b)(2), the injunctive and equitable relief sought in this case is not incidental. Plaintiffs seek injunctive relief in the form of excising those terms of the Plan that are unenforceable under ERISA. Such relief is necessary to plaintiffs' ability to recover the benefits that they have been denied. *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 275-76 (S.D.N.Y. 2007) (class action maintainable under Rule 23(b)(1)(A) where plaintiffs sought reformation of ERISA Plan because "in the situation where individual plaintiffs prevail in a lawsuit, reformation of the Plan may affect the interest of other plan members to the extent these participants are subject to the same [p]lan"). Accordingly, plaintiffs' claims are well suited for certification pursuant to Rule 23(b)(1)(A).

---

*Langbecker* is at all relevant to a Rule 23(b)(1) inquiry, it should be noted that "the Second Circuit declined to follow the *Allison*" decision. *Parker*, 331 F.2d at 20.

[6] The cases cited by defendants are distinguishable on this ground because the resolution of the claims involved did not require statutory interpretation that would create the risk of incompatible results. *See In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297 (E.D.N.Y. 2006) (certifying a Rule 23(b)(3) class in a case involving breach of contract claims between passengers and an airline); *Contawe v. CresentCrescent Heights of America, Inc.*, 2004 WL 2966931, at *4 (E.D. Pa. Dec. 21, 2004) (refusing to certify a class of purchasers of condominium units suing a developer under Rule 23(b)(1)(A) because "a judgment in the instant action will not predetermine the rights of other potential plaintiffs"). In contrast, in this case, a ruling that the AE Plan is not a top hat plan and, thus, violated ERISA, necessarily creates a risk of incompatible results regarding the rights of other Plan participants.

Finally, defendants contend that certifying a class pursuant to Rule 23(b)(1)(A) is not appropriate over a defendant's objection because the Rule "was designed to protect the non-class party..." Defs. Opp. at 24. This position, however, has been rejected both by courts within this jurisdiction as well as noted commentators. As one court within the Second Circuit explained in certifying a Rule 23(b)(1)(A) class over the objections of defendants, "all litigants as well as the courts benefit from consistency in the adjudication of claims of individual class members." *Ingles v. City of New York*, 2003 WL 402565, at *7 (S.D.N.Y. Feb. 20, 2003). *See also* 2 Newberg on Class Actions § 4:7 (4th ed.) ("the needs of the judicial system to avoid inconsistent adjudications in a single controversy must be respected, despite the willingness of a litigant to assume the risk"). Here, inconsistent judgments on whether the AE Plan qualifies as a top-hat plan would be untenable and certification pursuant to Rule 23(b)(1)(A) is appropriate.[7]

## 2.      Rule 23(b)(1)(B) Actions Are Not Restricted to "Limited Fund" Cases

As set forth in plaintiffs' opening memorandum, Rule 23(b)(1)(B) permits an action to be maintained as a class action where "adjudications with respect to individual members of the class...would as a practical matter be dispositive of the interests of the other members not parties to the adjudications...." Defendants fail to explain how adjudication of plaintiffs' claims will not be "dispositive of the interests of the other members not parties to the individual adjudications" as required by Rule 23(b)(1)(B). Instead, defendants argue that a class action can only be maintained pursuant to Rule 23(b)(1)(B) in cases in which a "limited fund" exists with which to pay all potential class members. Defs. Opp. at 25-26. This is simply incorrect.

---

[7] Defendants cite *Viking Travel, Inc. v. Air France*, 1982 WL 1884, at *4 (E.D.N.Y. July 23, 1982) for the proposition that Rule 23(b)(1) is intended to protect defendants. Although the Court stated that "it has been said that the purpose of Rule 23(b)(1) is to protect defendants," the basis for the Court's holding was not that defendants declined the protection of the rule, but rather its finding that there was no danger of inconsistent results since no additional actions had ever been filed.

8

In fact, although certifications pursuant to Rule 23(b)(1)(B) often involve a "limited fund," courts have made clear that the existence of a limited fund is not a prerequisite under this subsection of the rule. *See, e.g., Hilton v. Wright*, 235 F.R.D. 40, 53 n.9 (N.D.N.Y. 2006), *citing Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834-838 (1999). As the court in *In re AOL Time Warner ERISA Litig.* noted in approving a Rule 23(b)(1)(B) class in an ERISA case, "[a] breach of fiduciary duty claim brought by one member of a retirement plan necessarily affects the rights of the rest of the plan members to assert that claim..." 2006 WL 2789862 *4 (S.D.N.Y. Sept. 27, 2006). *See also Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y. 2002) (permitting a Rule 23(b)(1)(B) class in an ERISA case, and noting that the Advisory Committee for the Federal Rules of Civil Procedure intended Rule 23(b)(1)(B) to apply to actions such as ERISA). Apart from defendants' unavailing argument that Rule 23(b)(1)(B) classes are restricted to "limited fund" cases, defendants fail to offer this Court any reason why application of Rule 23(b)(1)(B) would be inappropriate in this case.[8]

## C.    Class Certification is Appropriate Under Rule 23(b)(2)

Defendants fail to counter plaintiffs' argument that certification under Rule 23(b)(2) is appropriate because the injunctive and declaratory relief they seek is indispensable to making them whole. Pl. Mem. at 18-19. Without declaratory relief and an order retroactively bringing the Plan into compliance with ERISA, there can be no recalculation of benefits. *See LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448, 456-57 (N.D.N.Y. 2003) (holding that Rule 23(b)(2) class could be certified in an ERISA case in which plaintiffs sought declaration

---

[8] Defendants cite *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 834 (1999) and *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 n.62 (S.D.N.Y. 2006), as supporting authority for their theory that Rule 23(b)(1)(B) cases require the existence of a limited fund. Neither of these cases, however, draws this conclusion. In *Ortiz*, unlike this case, plaintiffs specifically sought certification under Rule 23(b)(1)(B) on the basis of the existence of a limited fund. As noted above, the court in *Citigroup* certified a class under Rule 23(b)(1)(A). *Citigroup*, 241 F.R.D. at 179-180. Nevertheless, in a footnote the court declined to certify a Rule 23(b)(1)(B) class, stating that "certification under either Rule 23(b)(1)(A) or (b)(1)(B) makes no difference." *Id.* at 180 n.62.

that plan violated ERISA, requiring retroactive reformation of Plan, and recalculation of benefits). Ignoring the significance of the injunctive relief in an ERISA case such as this one, defendants argue that plaintiffs are "effectively seeking money damages rather than equitable relief." Defendants, however, cannot defeat class certification under Rule 23(b)(2) by disregarding plaintiffs' prayer for relief and mischaracterizing the claim as one principally for monetary damages. For the reasons set forth in plaintiffs opening brief, which defendants have failed to refute in, any way, that certification pursuant to Rule 23(b)(2) is appropriate in this case.[9]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening memorandum, plaintiffs respectfully request that this action be certified as a class action under Fed. R. Civ. P. 23, and that plaintiffs be certified as the representatives of the Class.

Dated: May 15, 2008

Respectfully submitted,

THE PLAINTIFFS


By: /s/ James E. Hartley, Jr.
    James E. Hartley, Jr.
    Federal Bar No. ct 08275

**DRUBNER & HARTLEY, L.L.C.**
500 Chase Parkway
Waterbury, CT 06708
(203) 753-9291

---

[9] In their accompanying opposition to defendants' motion for summary judgment, plaintiffs explain why all of the injunctive and equitable relief they seek is available under ERISA.

10

Charles Hellman
Jennifer Sclar
**DRUBNER & HARTLEY, L.L.C.**
One Penn Plaza, Suite 4507
New York, NY  10119
(212) 736-2121

**McCORMICK & O'BRIEN LLP**
Liam O'Brien
42 West 38th Street
New York, NY  10018
(866) 853-0931

**GRAY & WHITE**
Mark Gray
1200 PNC Plaza
Louisville, KY  40202
(502) 585-2060

**WHATLEY DRAKE & KALLAS, LLC**
Richard Rouco
2001 Park Place, Suite 1000
Birmingham, AL  35203
(205) 328-9576

*Attorneys for Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed the foregoing Plaintiffs'
Reply Memorandum of Law in Further Support of Motion for Class Certification and
Declaration of Charles Hellman in Further Support of Plaintiffs' Motion for Class Certification
with the Clerk of the Court using the CM/ECF system, which will send notification of such filing
to all attorneys presently enrolled in this matter. I further certify that I sent the foregoing via U.S.
mail and via electronic mail to:

Felix Springer, Esq.
Eric L. Sussman
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103

Mark A. Jacoby, Esq.
Kenneth P. Gavsie
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

/s/ James E. Hartley, Jr.
James E. Hartley, Jr.