UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM FENWICK and : | |
| TIMOTHY FISHER, on behalf : | 3:06cv880 (WWE) |
| of themselves and all others : | |
| similarly situated, : | |
|     Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| MERRILL LYNCH & CO., INC., : | |
| MERRILL LYNCH, PIERCE, FENNER : | |
| & SMITH INCORPORATED, : | |
| ADVEST GROUP, INC., : | |
| and ADVEST, INC., : | |
|     Defendants. : | |

## MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION

Defendants have moved for partial reconsideration of this Court's ruling on summary judgment. Specifically, defendants request that the Court reconsider the portion of the decision relevant to plaintiffs' standing to assert a claim under ERISA § 502(a)(1)(B). For the following reasons, the motion for reconsideration will be granted. However, the Court will adhere to its previous denial of the claim pursuant to Section 502(a)(1)(B).

## DISCUSSION

Reconsideration may be granted in the discretion of the court when a party can point out an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

The Court incorporates herein the factual background and relevant legal analysis from its prior ruling on the motion for summary judgment.

Plaintiffs have asserted an ERISA § 502(a)(1)(B) claim seeking recovery of the benefits they forfeited under the Plan's allegedly illegal forfeiture provisions. Defendants argue that claims for statutory violations of ERISA may not be asserted under ERISA § 502(a)(1)(B) because it provides for recovery of only benefits due "under the terms of the plan" rather than for statutory violations.

On summary judgment, the Court declined to consider whether defendants advanced an accurate construction of ERISA § 502(a)(1)(B) because the AE Plan contained a severability clause that would entitle plaintiffs to accrued benefits if the forfeiture provisions were held to be invalid or unenforceable.  Accordingly, the Court held that plaintiffs have standing to assert their claims for benefits under the terms of the Plan.

Defendants maintain that the Court must determine whether plaintiffs have standing under section 502(a)(1)(B) because application of the severability clause requires a determination of whether Plan provisions are illegal under ERISA.  Thus, the Court should consider whether section 502(a)(1)(B) affords a remedy for claims of statutory violation.  This Court now holds that defendants' view of section 502(a)(1)(B) represents too narrow a construction of that provision.

Under ERISA, plan fiduciaries must interpret and apply plan documents in compliance with ERISA.  20 U.S.C. § 1104 (a)(1)(D).  Courts must also interpret plans to adhere to ERISA requirements.  See Central Laborers' Pension Fund v. Heinz, 541 U.S. 739, 742 (2004); see also Norfolk & W. Ry. v. American Train Dispatchers Ass'n, 499 U.S. 117, 130 (1991) ("Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if

they had been expressly referred to or incorporated in its terms."). Section 502(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). Thus, a claim for benefits requiring a determination of a plan's ERISA compliance is a claim for benefits under the plan pursuant to Section 502(a)(1)(B). See West v. AK Steel Corp., 484 F.3d 395, 405 (6th Cir. 2007), cert. denied, 129 S.Ct. 895 (2009); Bilello v. JPMorgan Chase Retirement Plan, 2009 WL 30286 (S.D.N.Y.) (citing cases). Accordingly, the Court holds that plaintiffs have standing to assert a claim for benefits pursuant to Section 502(a)(1)(B).

## CONCLUSION

For the foregoing reasons, the motion for reconsideration [#95] is GRANTED. However, the Court adheres to its previous decision denying summary judgment as to plaintiffs' claim for benefits pursuant to ERISA Section 502(a)(1)(B).

        _____/s/_____
                        Warren W. Eginton
                       Senior U.S District Judge


Dated this __20_th day of February 2009, at Bridgeport, Connecticut.