UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM FENWICK and : | |
| TIMOTHY FISHER, on behalf : | 3:06cv880 (WWE) |
| of themselves and all others : | |
| similarly situated, : | |
|     Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| MERRILL LYNCH & CO., INC., : | |
| MERRILL LYNCH, PIERCE, FENNER : | |
| & SMITH INCORPORATED, : | |
| ADVEST GROUP, INC., : | |
| and ADVEST, INC., : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON
MOTION TO DISMISS AMENDED COMPLAINT,
OR IN THE ALTERNATIVE, TO STRIKE**

Plaintiffs William Fenwick and Timothy Fisher bring this action on behalf of themselves and all similarly situated adult participants and/or beneficiaries of the Advest, Inc. Account Executive Nonqualified Defined Benefit Plan ("AE Plan") who have been or will be denied benefits under the AE Plan because they terminated their employment at Advest.

Specifically, plaintiffs assert that defendants breached the Employee Retirement Income Security Act ("ERISA") because the terms of the AE Plan violated the minimum vesting standards of 29 U.S.C. §1053, and because defendants failed to provide plaintiffs with a summary plan description pursuant to 29 U.S.C. § 1022.

In ruling on summary judgment, this Court held that plaintiffs could not seek monetary compensation that was not "appropriate equitable relief" under ERISA § 502(a)(3). The Court also ruled that plaintiffs could not maintain a claim under ERISA §

502(a)(2) for losses to the AE Plan based on breach of fiduciary duty because the AE Plan was unfunded and had no assets.  The Court did allow plaintiffs to proceed under ERISA § 502(a)(1)(B) to recover benefits due to them.

Plaintiffs amended the complaint to state claims for declaratory relief and benefits (count one) and for breach of disclosure obligations (count two).  The amended count one contains allegations that (1) the AE Plan is an invalid top-hat plan and (2) the Administrative Committee defendants breached their fiduciary duty by failing to take steps to ensure that the AE Plan complied with all the substantive and procedural requirements of ERISA.

In this motion to dismiss, defendants attack plaintiffs' allegations of breach of fiduciary duty and their claim that defendants failed to satisfy ERISA's disclosure requirements.  Defendants also move to strike plaintiffs' request for an order to establish a trust and fund the AE Plan and the demand for a jury trial.  For the following reasons, the motion to dismiss will be granted in part and denied in part; and the motion to strike will be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right

to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S. Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

      Allegations of Breach of Fiduciary Duty

      Defendants argue that plaintiffs have improperly asserted an ERISA § 502(a)(1)(B) claim seeking recovery of the benefits forfeited due to the AE Plan Administrative Committee's breach of fiduciary duties by failing to determine that the requisite limitations on participation in a top-hat plan had been met. Defendants assert that plaintiffs cannot assert a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(1)(B) because ERISA §§ 502(a)(2) and (a)(3) constitute the ERISA enforcement provisions for breach of fiduciary duty. Defendants argue that allowing plaintiffs to sue under § 502(a)(1)(B) to recover monetary damages for an alleged breach of fiduciary duty would violate the Supreme Court's admonishment against subverting ERISA's carefully-crafted enforcement and jurisdictional scheme. See, e.g., Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985) (courts should avoid tampering with enforcement scheme crafted with such evident care as ERISA).

      However, the Supreme Court has recognized that § 502(a)(1)(B) "specifically provides a remedy" that "runs directly to the injured beneficiary" for breaches of fiduciary duty "with respect to the interpretation of plan documents and the payment of claims." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).

Russell, noting that ERISA § 502(a) provides six types of civil actions that may be brought by various parties, held that § 502(a)(2) provides a remedy for injury to the Plan rather than to individuals.  473 U.S. at 150.  Later, in Varity, the Supreme Court concluded that the remedy available for an individual bringing a breach of fiduciary duty claim under § 502(a)(1)(B) is outside the framework of ERISA § 502(a)(2) and held that ERISA § 502(a)(3) represented a catchall provision or safety net providing "appropriate equitable relief" for injuries not elsewhere remedied under § 502.  516 U.S. at 512.

Defendants maintain that the Supreme Court's language in Varity limits claims for breaches of fiduciary duty under § 502(a)(1)(B) to those claims arising from the interpretation of plan documents.  According to defendants, plaintiffs' claims concern factual and legal questions relative to the requisite limitations on participation rather than interpretation of plan documents.

This Court is mindful of Varity's emphasis that the remedial scheme of § 502 should be read consistently with ERISA's basic purposes to protect the interests of participants and beneficiaries by establishing the standards of conduct, responsibility, and obligation for fiduciaries, providing for appropriate remedies, and ready access to federal courts.  Id. at 513.  In light of ERISA's basic purposes as invoked in Varity, the Court does not agree that breaches of fiduciary duty claims under § 502(a)(1)(B) should be restricted in the manner advanced by defendants.  Inclusion of allegations concerning breach of fiduciary duty will neither subvert ERISA's carefully-crafted remedial scheme nor result in a redundant or duplicative remedy.  Accordingly, the Court will deny the motion to dismiss on this ground.

Breach of Disclosure Obligations

Plaintiffs have alleged that defendants failed to distribute a summary plan description and are thereby entitled to statutory penalties under ERISA § 502(c). Defendants argue that plaintiffs' claim for such penalties should be dismissed for failure to allege that they requested the summary plan description from the plan administrator.[1]

ERISA § 502(c)(1)(B) provides that a plan administrator who fails or refuses to comply with a request for information that is required to be furnished, "may, in the court's discretion, be personally liable to such participant or beneficiary in the amount of up to $100 day from the date of such failure or refusal . . . ." Liability for statutory damages inures only if the plan administrator fails to provide the appropriate documents within thirty days after a participant requests such material. Watson v. Deaconess Waltham Hospital, 298 F.32d 102, 112 (1st Cir. 2002).

In their opposition memorandum, plaintiffs respond that allegations of a request do not represent a pleading requirement, and that plaintiffs' counsel did make a request for the summary plan description. Under the standard articulated in Iqbal, plaintiffs have an obligation to amplify their complaint with allegations rendering their claim plausible. Since liability is contingent upon plaintiffs' request for the summary plan description, plaintiffs should have included in the amended complaint an allegation that they made such request to render the claim plausible.

The Court also notes that plaintiffs cannot maintain liability based on the allegation that their counsel made a request for the summary plan description if it

---

[1] In light of the amended complaint, the Court does not find that defendants have waived the "no request" defense.

constituted a document production request made in the course of this litigation.  See Verkuilen v. South Shore Building and Mortgage Co., 122 F.3d 410, 411 (7th Cir. 1997). As the Seventh Circuit reasoned, confusion would result from treating discovery requests as ERISA demands, and thereby replacing the Federal Rules of Civil Procedure 11 and 37 with ERISA's penalty provisions.  Id. at 412.

Accordingly, the Court will grant the motion to dismiss on this count.  However, plaintiffs will be afforded the opportunity to replead if they can allege in good faith facts that render their claim plausible.

Establishment of Trust and Fund

Defendants move to strike the plaintiffs' Paragraph D of their Prayer for Relief. In that paragraph, plaintiffs have requested an order requiring "defendants to establish a trust in accordance with ERISA and deposit monies in such trust to satisfy ERISA's minimum funding standards."  Defendants maintain that such relief is not available under § 502(a)(1)(B).  In their opposition, plaintiffs contend that their request for a constructive trust is appropriate as equitable relief available under ERISA § 502(a)(1)(B).

Even if a constructive trust represents a viable remedy under § 502(a)(1)(B), it is not appropriate in this instance.  A constructive trust may be imposed where "money or property identified as belonging in good conscience" to plaintiff can be clearly "traced to particular funds or property in the defendant's possession."  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002).  In this instance, the AE Plan was unfunded, plaintiffs made no contributions to it, and defendants have not improperly taken an identifiable portion of the beneficiaries' funds.  Accordingly, a constructive trust

is not an appropriate remedy in this case, and the Court will grant the motion to strike Paragraph D.

<u>Jury Demand</u>

Plaintiffs' complaint contains a request for trial by jury. Defendants move this Court to strike the jury demand.

Second Circuit precedent has established that claims pursuant ERISA § 502(a)(1)(B) are equitable in nature and are not entitled to trial by jury. <u>Sullivan LTV Aerospace and Defense Co.</u>, 82 F.3d 1251, 1259 (2d Cir. 1996). Accordingly, the Court will grant the motion to strike the jury trial demand.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [#100] is GRANTED in part and DENIED in part; and the motion to strike [#104] is GRANTED. Plaintiffs are instructed to amend their complaint consistent with this ruling within 10 days of this ruling's filing date.

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this __9th_th day of April 2009, at Bridgeport, Connecticut.