## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WILLIAM FENWICK and TIMOTHY    :
FISHER, On Behalf of Themselves and Others :
Similarly Situated                    :
                               :
           Plaintiffs,         :    CIVIL ACTION NO.: 306CV880 WWE
                               :
vs.                              :
                               :
MERRILL LYNCH & CO., INC., MERRILL :
LYNCH, PIERCE & SMITH         :
INCORPORATED, THE ADVEST GROUP, :
INC., ADVEST INC., THE ADVEST, INC.  :
ACCOUNT EXECUTIVE NONQUALIFIED :
DEFINED BENEFIT PLAN, THE ADVEST, :
INC. ACCOUNT EXECUTIVE       :
NONQUALIFIED DEFINED BENEFIT   :
PLAN COMMITTEE, LOU DIMARIA,   :
FRANK PAPARELLA, and KEN POLITI  :
                               :
          Defendants.

## AMENDED ORDER AND FINAL JUDGMENT

       This Litigation was brought by Plaintiffs William Fenwick and Timothy Fisher (together,

the "Named Plaintiffs") for themselves and a class of similarly situated persons under the

Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

("ERISA"), seeking benefits under The Advest, Inc. Account Executive Nonqualified Defined

Benefit Plan (the "AE Plan").

       On January 29, 2013, the Court entered its Order Granting Preliminary Approval of Class

Action Settlement, Certifying Class for Settlement Purposes, Approving Notice, and Scheduling

a Final Approval Hearing (the "Preliminary Approval Order").

       Before this Court now are: (1) Plaintiffs' Motion for Order Granting Final Approval of

Class Action Settlement, dated May 24, 2013 (the "Final Approval Motion"); and (2) Class

Counsel's Motion for Award of Professional Fees, Expense Reimbursement and Case

Contribution Awards, dated May 2, 2013 (the "Fee and Expense Motion").  On May 28, 2013,

on the basis of a joint motion filed by the parties, and in the absence of any written objections to

the Settlement or the Fee and Expense Motion, the Court cancelled the Final Approval Hearing and determined to rule on the pending motions on the papers submitted.

The Court has received a declaration attesting to the mailing of the Notice of Proposed Settlement of ERISA Class Action (the "Notice") in accordance with the Preliminary Approval Order.  The Court has considered the Final Approval Motion and the Fee and Expense Motion to: (i) determine whether the proposed Settlement of the Litigation on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment granting approval of the Settlement and dismissing the Litigation with prejudice should be entered; (c) whether to approve Class Counsel's application for Attorneys' Fees and Costs; and (d) whether to approve the payment of the Named Plaintiff Case Contribution Awards.

The issues having been duly considered and a decision having been duly reached, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Unless otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

3.      Venue is proper in this district based on the location of the Defendant Advest, Inc.'s principal office.

4.      On January 29, 2013, for settlement purposes only, the Court preliminarily certified the following class (the "Class") under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All participants in, or beneficiaries of, the AE Plan who (i) were deemed to have forfeited all or a portion of their accrued benefits under the AE Plan, or (ii) otherwise have not been paid all or a portion of their accrued benefits under the AE Plan.  Excluded from the Class are (i) plaintiffs in the action captioned *Daft v. Advest, Inc.,* No. 5:06-cv-1876 (N.D. Ohio, 2006), and (ii) any former Account Executive who released claims to benefits under the AE Plan as part of a settlement, separation, severance, or other release agreement with one or more of the Defendants, their successors or assigns.

2

5.     The Court finds that, solely within the context of and for the purpose of settlement only, that the Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder is impracticable; there are questions of law and fact common to all Class Members; the claims of the Named Plaintiffs are typical of the claims of the Class Members; the Named Plaintiffs will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members of the Class; and a class action is a superior method for fairly and efficiently adjudicating the Litigation.

6.     On or about March 15, 2013, the Notice and an Acknowledgment Form (the "Notice Packets") were mailed to each of the 241 Class Members.  On or about May 2, 2013, an Amended Notice Packet was sent to all Class Members.

7.     In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, the Class has been given proper and adequate notice of the Settlement, the Settlement Agreement, the Final Approval Hearing, Class Counsel's application for Attorneys' Fees and Costs and for the Named Plaintiff Case Contribution Awards, such notice having been carried out in accordance with the Preliminary Approval Order.  Such notice included individual notice to all members of the Class who could be identified through reasonable efforts and provided valid, due and adequate notice of these proceedings and the matters set forth herein, including information regarding the procedures for making objections. Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

8.     The Court finds that the Settlement is fair, reasonable, and adequate and a compromise of the claims asserted in this Litigation.  Specifically, the Court finds that the Parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, including mediation, and that the Settlement Agreement was not a product of collusion, bears a probable, reasonable relationship to the claims asserted by Plaintiffs, and is within the range of

possible judicial approval.  The Settlement Agreement and the Settlement contained therein are hereby finally approved in all respects, and the Parties are directed to perform its terms.

9.     The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs and each of the Settlement Class Members, as against each of the Releasees.

10.     Upon the Effective Date hereof, the Named Plaintiffs and each of the Settlement Class Members shall be deemed to, and by operation of this Judgment shall have: (i) fully, finally, and forever released, relinquished, and discharged all Released Claims on their own behalf and on behalf of their respective heirs, executors, administrators, past and present agents, attorneys, and assigns against each of the Releasees; (ii) covenanted not to sue any of the Releasees for any conduct giving rise to the Released Claims or otherwise to assert, directly or indirectly, any of the Released Claims against any of the Releasees; and (iii) agreed to be forever barred and enjoined from doing so in any court of law or equity, and/or in any other forum.

11.     All members of the Settlement Class are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Releasees.

12.     For purposes of settlement only, the Court appoints (a) Mark Gray of Gray & White, Liam O'Brien of McCormick & O'Brien LLP, Richard Rouco of Quinn, Connor, Weaver, Davies & Rouco, LLP, Joe R. Whatley of Whatley Kallas, LLC, and James Hartley of Drubner & Hartley, LLC as joint counsel for the Settlement Class ("Class Counsel"), and (b) Named Plaintiffs William Fenwick and Timothy Fisher as representatives of the Class in this case.

13.     Class Counsel is hereby awarded attorneys' fees pursuant to Fed. R. Civ. P. 23(h), in the amount of $ 2,437,500.00 which the Court finds to be fair and reasonable, and $132,028.28 in reimbursement of Class Counsels' reasonable expenses incurred in prosecuting the Litigation.  The attorneys' fees and expenses so awarded shall be paid exclusively from the Settlement Fund pursuant to the terms of the Settlement Agreement, without additional contribution or payment by Defendants.

14.     Named Plaintiffs William Fenwick and Timothy Fisher are hereby awarded Case Contribution Awards in the amount of $25,000.00 each, to be paid exclusively from the Settlement Fund pursuant to the terms of the Settlement Agreement, without additional contribution or payment by Defendants.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

16.     In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Litigation shall proceed in accordance with the Settlement Agreement.

17.     Under no circumstances shall this Order and Final Judgment be construed, deemed or used as an admission, concession or declaration by or against any of the Releasees of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or as a waiver by any of the Parties of any defenses or claims he, she or it may have.

18.     Final Judgment shall be entered herein approving the Settlement of this Litigation.

IT IS SO ORDERED

Dated: June 6, 2013

                                        /s/ Warren W. Eginton
                                        The Honorable Warren W. Eginton
                                        Senior United States District Judge